**EXHIBIT 9**

**TO**

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY DISPOSITION**

MERCHANDISING PRODUCTIONS, INC.
7575 East Fulton Road
Ada, Michigan 49355
(616) 676-5295

## INDEPENDENT CONTRACTOR AGREEMENT

THIS AGREEMENT made this 5 day of Nov., 1992, between Merchandising Productions, Inc., having its principal place of business at 7575 East Fulton Road, Ada, Michigan, hereinafter called "MPI", and:

| | |
|---|---|
| (Name) | Holly Brooks |
| (Address) | 1711 Forest Lake, S.E. |
| | Grand Rapids, Michigan 49546 |
| (Social Security Number) | |

hereinafter called "Contractor".

**WHEREAS,** MPI wishes from time to time as needed and at its sole option to retain Contractor for the purpose of performing certain designated Instructional services in connection with MPI's workshops; and

**WHEREAS,** Contractor represents that he/she has sufficient training, expertise and available time to perform such services, and is willing to personally provide such services as an independent contractor, and said services will be personally performed by Contractor; and

**WHEREAS,** MPI and Contractor agree that such contracts shall be established through the issuance of individual Purchase Orders or other documentation by MPI for services and periods of time to be specified by MPI at rates of compensation as stated in this Agreement;

**NOW, THEREFORE,** MPI and Contractor agree that such contracts and Contractor's performance thereunder will be in accordance with the terms and conditions set forth in this Agreement and those of such documentation as may be issued to Contractor in accordance with this Agreement. In the event the terms of the Purchase Order and this Agreement are in conflict, this Agreement shall control.

1

# TERMS AND CONDITIONS

I. **RESPONSIBILITIES AND SPECIFIC DUTIES**:

   A. <u>Instruction</u>:

   1. Contractor agrees to conduct workshops for Amway distributors in a specific area of the Amway product line; teach and explain both basic and in depth information on the products; explain and/or demonstrate usage of the product; conduct role playing scenarios to illustrate specific sales techniques; lead discussions of customer needs and successful merchandising techniques; and organize question and answer sessions as required by MPI.

   2. Contractor agrees to assist with training of Amway Staff members as designated by MPI.

   B. <u>Program Development and Maintenance</u>:

   1. Contractor agrees to assist in the development of future generations of the workshop, including the development of training materials and sales aids as required by MPI.

   2. Contractor agrees to assist in perfecting and adapting a workshop presentation and content to meet the needs of distributors participating in the workshop.

   3. Contractor agrees to work with distributors to tailor these programs to the distributors' individual needs.

   C. <u>Feedback and Analysis</u>:

   1. Contractor agrees to prepare a monthly status report for product managers, sales personnel, or others as required and report his/her perceptions of distributor needs, facts gathered, new ideas and concepts and distributor problems.

   2. Contractor agrees to answer distributor questions and provide information by responding to distributor phone calls and mail.

AIU0761\3891.

D. Miscellaneous:

1. Contractor agrees to meet with product marketers or others as required by MPI and to remain up-to-date on what's new and what's old in assigned product line or field.

2. Contractor agrees to work with the Market Research Department of Amway Corporation in order to assist in the development or implementation of various quantitative and qualitative market research studies relating to assigned workshop programs.

3. Contractor agrees to perform various other related duties as required by MPI.

II. OPERATIONS:

Contractor, while performing the duties hereunder shall, on or off MPI's premises, perform the work in a professional and proper manner and shall take all reasonable safety precautions to protect from harm MPI's premises, employees, equipment, vehicles, property and any third party's property or personnel.

III. INDEPENDENT CONTRACTOR RELATION:

The work shall be performed exclusively and personally by Contractor. Contractor shall be free to dispose of such portion of its entire time, energy and skill as he/she so desires, provided he/she is able to perform the services contracted for herein in a timely and competent manner. Further, it is specifically agreed that the relation created by this Contract is that of an Independent Contractor. Contractor is not an employee of MPI and is not entitled to any of the benefits provided by MPI to its employees including but not limited to compensation, unemployment insurance, health and disability benefits.

IV. TRAVEL AND EXPENSES:

Contractor shall perform the above duties and services in Contractor's home, at Ada, Michigan, or at various workshop locations throughout the United States, whichever location best facilitates the workshop presentations. Contractor will not be paid for mileage for travel within the Grand Rapids area. In the event that the performance of Contractor's duties requires travel outside of Grand Rapids for which Contractor will incur reimbursable expenses, approval is required

AIU0761\3891.

before the travel and expenses are incurred. MPI will provide travel and lodging accommodations for Contractor and will reimburse Contractor for reasonable expenses incurred in the performance of their duties and services outside of the Grand Rapids area as follows:

A. <u>Meals, Transportation, Baggage, Tips and Storage Fees</u>:

Contractor will receive Sixty Dollars ($60.00) per day to cover expenses for any meals, transportation charges, parking fees, baggage tips or storage fees for which an accounting will not be required.

B. <u>Hotel</u>:

When possible, the hotel will be billed directly to MPI so please carefully review the bill when checking out so that any charges made to the bill are allowable charges and properly reflected thereon. Contractor will be billed for any expenses not allowed by these guidelines or not properly charged to the room.

C. <u>Telephone Calls</u>:

Telephone calls are to be charged to the room. Contractor will be allowed no more than Ten Dollars ($10.00) per day for such calls. Any calls to Amway Corporation or MPI shall not be included in the limit and should be made by collect call.

D. <u>Miscellaneous</u>:

1. <u>In-Room Movies</u> - Contractor is allowed one movie per day which should be charged to the room.

2. <u>Laundry Charges</u> - In exceptional circumstances, Contractor may incur expenses to launder one change of clothes. These expenses should be billed to the room.

E. <u>Additional Expense Reimbursement</u>:

In the event that Contractor incurs any expense in an extraordinary or emergency situation that is not provided for under Sections A-D above, MPI will reimburse Contractor for such an expenditure, provided that a receipt is supplied and MPI determines, in its sole discretion, that the expenditure was necessary.

4

AIU0761\3891.

V.  INDEMNIFICATION OF MPI:

Contractor agrees to indemnify and hold harmless MPI, its employees and agents, from all claims, liability, damages, loss and expense, for bodily injury or for damage or injury to persons or property proximately caused by or resulting in any manner from Contractor's actions, except where same shall arise out of the negligence of MPI, its employees and agents.

VI.  INSURANCE:

Contemporaneous with the signing of this Agreement, Contractor shall secure and maintain, in an amount and with an insurance carrier acceptable to MPI's Risk and Insurance Department, a policy of insurance naming MPI as an "Additional Insured" (except Worker's Compensation) with a thirty (30) day written notice of cancellation or alteration. Contractor shall supply MPI with a Certificate of Insurance as evidence of this insurance prior to commencement of any work by Contractor.

VII.  ASSIGNMENT:

Neither Contractor nor MPI shall make an assignment under this Agreement without the express written permission of the other party. This Agreement is to be construed as a personal services contract.

VIII.  TERMINATION:

   A.  Failure or Neglect by Contractor: Should Contractor at any time refuse, neglect, or fail in any respect to prosecute the work or any separable portion thereof with promptness and diligence or fail in the performance of any of the agreements on its part contained herein, or become insolvent, MPI may, after seven (7) days' written notice to Contractor, terminate Contractor's right to proceed with the work or such part of the work as to which such defaults have occurred.

   B.  Unavailability: Should Contractor refuse more than two (2) assignments in any given month, without a health or emergency-related excuse, MPI may terminate this contract under the terms of Paragraph A above.

   C.  By Either Party: Should Contractor or MPI, at any time decide to terminate this Agreement, each party may do so by giving written notice to the other party thirty (30) days prior to the date of termination. In any event, this Agreement shall expire one year from its effective date, as noted in the opening paragraph of the Agreement.

AIU0761\3891.

IX. **CONFIDENTIALITY:**

Contractor shall maintain in confidence all information, records and documents of which he or she may have knowledge because of his or her retention or resulting from any work performed hereunder, unless dissemination of such information is required for Contractor's performance hereunder, and shall execute the attached "Agreement Regarding Confidentiality and Intellectual Property", which is labeled Exhibit A and which shall become a part of this Agreement upon execution by Contractor and MPI. Contractor shall not remove from the premises of MPI or Amway Corporation any record or other document relating to the business of MPI or Amway Corporation or make any unauthorized copy thereof. Contractor agrees to take the utmost precautions to insure the confidentiality of MPI and Amway's papers, effects and other matters are preserved and agrees not to divulge or discuss with any third party such confidential matters or the Amway business either before or after the termination of this Agreement without the written consent of MPI. Upon termination of this Agreement, Contractor shall return all papers, effects and materials which have been entrusted to it by Amway or MPI. Additionally, Consultant shall return all notes, memoranda, correspondence, reports completed or in process by the time of termination.

X. **INTELLECTUAL PROPERTY RIGHTS:**

Contractor agrees that any work performed by him/her under this Agreement shall be considered a "work-made-for-hire" as that term is defined in the copyright laws of the United States of America and that MPI is entitled to claim authorship of such material and ownership of any copyright. MPI shall be considered the owner of any original works of authorship conceived or executed by the Contractor, individually or jointly, whether or not through the use of MPI materials or facilities, if at the direction of MPI or Amway Corporation or pertaining in any way to the business or affairs covered by that of the subject of this Agreement. Further, the Contractor shall promptly disclose to MPI and not to any other party without the written consent of MPI any discovery, invention, improvement, product, process, apparatus or design (whether or not patentable which Contractor, individually or jointly, during the term of this Agreement with Amway Corporation may invent, discover, conceive or originate, whether or not through the use of MPI materials, facilities or personnel, based on or related to the confidential information provided under this Agreement or relating to the subject matter of this Agreement or to the products with which Contractor becomes familiar as a result of this Agreement. To the extent not assigned by operation of law, the Consultant agrees to assign to MPI all right, title and interest in any works of authorship or intellectual property rights and to her such discovery or design produced under this Agreement, including all copyrights and all patent rights, and to execute any assignments or other documents presented to it by MPI which are necessary to vest such intellectual property rights in MPI without any other or additional compensation.

AIU0761\3891.

XI. MODIFICATIONS:

Any change in the provisions of this Agreement or purchase orders issued pursuant to this Agreement made subsequent to its execution shall be made by formal amendments executed and approved in the same manner as this Agreement; such must be in writing and signed by both parties hereto in order to be effective.

XII. GOVERNING LAW:

This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

XIII. PAYMENT:

If Contractor performs any services or duties pursuant to this contract or a purchase order executed pursuant to this contract, Contractor will receive a per diem fee of Three Hundred Twenty-five Dollars ($325.00) for each day on which services are provided. A "day" of service shall be defined as four (4) or more hours. Days in which Contractor works less than four (4) hours will be billable at an hourly rate of Forty-one Dollars ($41.00). A per diem fee will be payable for those days on which Contractor travels to or from a workshop site outside of the Grand Rapids area, provided travel to or from the site could not have been accomplished on the day of the workshop. This fee shall be in addition to any expense per diem received by Contractor. Travel to and from the Contractor's residence for meetings in Ada will also be payable on the per diem rate.

XIV. PRIOR AGREEMENTS:

This Agreement voids all previous contracts or agreements of any kind between the Contractor and MPI.

XV. RESTRICTIONS:

A. Contractor agrees to not solicit any Amway distributors to sell or otherwise distribute any product or service other than an Amway product or service while performing services pursuant to this Agreement. Contractor shall have no authority to contract, bind or obligate MPI in any manner or amount. Contractor will not accept any fee from any source other than MPI for any service provided in connection with the services provided by Contractor pursuant to this contract without approval by MPI.

B. Contractor will not enter into any new contracts with any companies whose business competes with Amway Corporation after the signing of this Agreement without notifying MPI and securing its written consent,

which shall not be unreasonably withheld.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement the day and year first above written.

MERCHANDISING PRODUCTIONS, INC.

By: *Nancy E. Fuend*
Its: _____

**CONTRACTOR**

_____
(Signature)

Holly Brooks
(Print Name)